RAWLINSON, Circuit Judge,
concurring in part:
I join the majority opinion’s conclusion that this case should be remanded to allow the district court to apply Merck & Co. v. Reynolds, — U.S. -, 130 S.Ct. 1784, 176 L.Ed.2d 582 (2010) to the statute of limitations determination. I also agree that the remand requires vacatur of the attorneys’ fee award. Finally, I concur in the affirmance of the district court’s rulings on Kenneth Weiss’s and Strategic Diversity’s state law claims of common law fraud, negligent misrepresentation, mutual mistake, failure of a condition precedent and unjust enrichment.
However, I expressly decline to join the majority’s analysis concluding in its holding that “a rescissionary measure of damages is available to Weiss.” Majority Opinion, pp. 1207-09. Weiss and Strategic Diversity never sought rescissionary *1212 damages. In fact, they expressly represented that they “were not seeking recovery of damages based on a decline in the value, or misrepresentation regarding the value, of the stock purchased.... ” Opening Brief of Plaintiffs-Appellants, p. 38. “[T]he only remedy sought by [Strategic Diversity and Weiss] was rescission of the stock purchase ...” Id. See also Plaintiffs’ Response to Defendants’ Motion for Summary Judgment And/Or Partial Summary Judgment In The Alternative, p. 12 (Dist. Ct. Docket # 135) (“The only remedy that Weiss seeks in this action is rescission of the stock purchase and reinstatement of the Note....”) (emphasis added).
We are not in the business of raising arguments on behalf of the parties, nor should we be. See Comite de Jornaleros de Redondo Beach v. City of Redondo Beach, 657 F.3d 936, 948 n. 6 (9th Cir.2011) (“We will not manufacture arguments for an appellant, and a bare assertion does not preserve a claim.”) (citation and internal quotation marks omitted). Such issues are waived. See Seven Words LLC v. Network Solutions, 260 F.3d 1089, 1097 (9th Cir.2001). In sum, I would decline to raise and decide this issue that was waived in the district court.
For the same reason, I do not join the majority’s discussion of Weiss’s and Strategic Diversity’s claim for securities fraud under Arizona law. Regardless of whether Arizona law requires a showing of damages in a rescission action, the fact remains that Weiss and Strategic Diversity never sought “a measure of rescissionary damages.” As with the federal securities claim, they sought rescission only. See Opening Brief, p. 38. Moreover, Weiss and Strategic Diversity mischaracterize the district court’s holding. The district court focused on the distinction between damages and injury. See District Court Order, p. 13. The district court acknowledged that under Arizona law, a plaintiff may rescind a securities transaction despite the absence of money damages. See id. The district court went on to explain that the plaintiff must nevertheless “demonstrate a cognizable injury” before rescission is warranted. Id.; see also Grand v. Nacchio, 222 Ariz. 498, 217 P.3d 1203, 1205 (Ct.App.2009) (noting that a purchaser who is “injured” by a securities violation may seek rescission). The district court’s ruling was entirely consistent with Arizona law.
Because I would remand solely for the district court to apply the Supreme Court’s ruling in Merck, I concur in the remand only for that purpose and to reconsider the award of attorneys’ fees. I would otherwise affirm the district court’s ruling in its entirety.